UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

CRIM. NO.  07-00048-03 (EGS)

CHRISTOPHER COOK

MEMORANDUM IN AID OF SENTENCING

Christopher Cook stands before the Court for sentencing having pled guilty to conspiracy to Launder Monetary Instruments in violation of 18 USC § 1956(h).

The Guideline Range. [1]

The guideline range for imprisonment in this case is 46 to 57 months pursuant to USSG Chapter 5, Part A.  However in U.S. v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory.  The Court can now move below the advisory guideline range without a government motion for downward departure as long as the resulting sentence is reasonable.  U.S. v. Williams, 435 F.3d 1350 (11th Cir. 2006).  The Court can no longer presume that a guideline sentence is the correct sentence.  To do so would be to take a large step in the direction of returning to the pre-Booker regime.  U.S. v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007). Under the new advisory guideline scheme, "district courts have a freer hand in determining sentences."  U.S. v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005). No special weight is to be given to the advisory guidelines as opposed to the other factors mentioned in the statute.  In Rita v. U.S, 127 S.Ct. 2456 (2007), the Court stated "...the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines

---

[1] Mr. Cook has not heard whether the government will file a motion pursuant to Section 5K1.1 of the U.S. Sentencing Guidelines.

should apply." In U.S. v. Sachsenmaier, 491 F.3d 680 (7th Cir. 2007) (post-*Rita*, 2007), the Court said that the district courts must calculate the advisory sentencing guideline range accurately so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence.

On December 10, 2007, the Supreme Court held in Gall *v*. United States, 128 S.Ct. 586 (2007) that courts of appeals must review all sentences, whether within, just outside, or substantially outside the guidelines range under a deferential abuse-of-discretion standard.

     1. While the extent of the difference between a particular sentence and the recommended Guidelines range is relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.

  (a) Because the Guidelines are now advisory, appellate review of sentencing decisions is limited to determining whether they are "reasonable," *United States* v. *Booker*, 543 U. S. 220, and an abuse-of-discretion standard applies to appellate review of sentencing decisions. A district judge must consider the extent of any departure from the Guidelines and must explain the appropriateness of an unusually lenient or harsh sentence with sufficient justifications. An appellate court may take the degree of variance into account and consider the extent of a deviation from the Guidelines, but it may not require "extraordinary" circumstances or employ a rigid mathematical formula using a departure's percentage as the standard for determining the strength of the justification required for a specific sentence. Such approaches come too close to creating an impermissible unreasonableness presumption for sentences outside the Guidelines range. The mathematical approach also suffers from infirmities of application. And both approaches reflect a practice of applying a heightened standard of review to sentences outside the Guidelines range, which is inconsistent with the rule that the abuse-of-discretion standard applies to appellate review of all sentencing decisions—whether inside or outside that range.

  (b) A district court should begin by correctly calculating the applicable Guidelines range. The Guidelines are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of 18 U. S. C. §3553(a)'s factors to determine whether they support either party's proposal. He may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented. If he decides on an outside-the-Guidelines sentence, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation. He must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. In reviewing the sentence, the appellate court must first ensure that the district court made no significant procedural errors and then consider the sentence's substantive reasonableness under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of a variance from the Guidelines range, but must give due deference to the district court's decision that the §3553(a) factors justify the variance. That the appellate court might have reasonably reached a different conclusion does not justify reversal.

2. On abuse-of-discretion review, the Eighth Circuit failed to give due deference to the District Court's reasoned and reasonable sentencing decision.[2] Since the District Court committed no procedural error, the only question for the Circuit was whether the sentence was reasonable, *i.e.,* whether the District Judge abused his discretion in determining that the §3553(a) factors supported the sentence and justified a substantial deviation from the Guidelines range. The Circuit gave virtually no deference to the District Court's decision that the variance was justified. The Circuit clearly disagreed with the District Court's decision, but it was not for the Circuit to decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable.

 Consideration of 18 U.S.C. § 3553 (a) factors.

The factors set forth in 18 U.S.C. § 3553 (a) must be considered in fashioning the appropriate sentence. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. U.S. v. Booker, 125 S.Ct. at 764;  U.S. v. Diaz-Argueta**,** 447 F.3d 1167 (9th Cir.  2006); U.S. v. Rodriguez-Rodriguez, 441 F.3d 767 (9th Cir. 2006);  U.S. v. Merryweather, 447 F.3d 625, 634 (9th Cir. 2006).

Mr. Cook requests that the Court impose a sentence below the guideline range and give equal weight to the sentencing factors under 18 U.S.C. §3553 and the guideline range.

---

[2] The District Court imposed a sentence of 36 months probation instead of 36 months in prison.

The following mitigators support a lenient sentence:

1. <u>Cooperation</u>

Mr. Cook requests that the Court take into consideration his cooperation in this case.[3] When departing downward, the court must evaluate a defendant's cooperation on an individual basis and not engage in mechanical reduction of only 3-levels. <u>U.S. v. King</u>, 53 F.3d 589, 590-92 (3d Cir. 1995).[4]

2. <u>Recidivism Unlikely</u>

Defendant's cooperation reduces the likelihood of recidivism and reveals his motivation to rehabilitate himself. His cooperation further demonstrates that the "defendant will transgress no more [and will] respond to rehabilitative efforts [and] not deem himself at war with his society." <u>Roberts v. United States</u>, 445 U.S. 552, 558 (1980).

3. <u>Early Plea</u>

Mr. Cook agreed to speak with government agents at the time of his arrest on March 2, 2007 and provided a detailed account of his participation in the offense. He entered into plea negotiations as early as March 12, 2007, signed a plea agreement on April 22, 2007, and pled guilty on April 27, 2007. His early plea conserved judicial and Dept. of Justice resources and based on information and belief was instrumental in the disposition of a co-defendant's case.

---

[3] Mr. Cook has not heard whether the government will file a motion pursuant to Section 5K1.1 of the U.S. Sentencing Guidelines.
[4] Additional information on the defendant's cooperation will be provided to the Court at sentencing.

4. <u>Decorations, Medals, Badges, Commendations</u>

Mr. Cook is a Vietnam veteran who served in the Army from October 15, 1968 to October 14, 1971. He was honorably discharged and received the following medals, badges and commendations:

1. THE NATIONAL DEFENSE SERVICE MEDAL

2. THE VIETNAM SERVICE MEDAL

3. THE ARMY COMMENDATION MEDAL

4. THE VIETNAM CAMPAIGN MEDAL W/60 DEVICE

5. THE COMBAT INFANTRYMAN BADGE

6. 2 O/S/ BARS

7. EXPERT BADGE RIFLE M16

8. 2D CLASS GUNNER MACHINE GUN M60; AND

9. THE GOOD CONDUCT MEDAL

Mr. Cook requests that the Court consider his military service when fashioning a sentence.

In <u>U.S. v. Pipich</u>, 688 F. Supp. 191 (D.Md. 1988), the defendant was convicted of mail theft. The court found that his extraordinary military record warranted departure to probation. Defendant was in the Marines and served in combat in Vietnam. In <u>U.S. v. Claudio</u>, CR. No. 9244 (D.Ore. October 4, 1993), Judge Owen Panner departed downward because of the defendant's "extraordinary" military service. Similarly in <u>U.S. v. Leigh</u>, Cr 91-96-FR (D.Ore.), Judge Helen Frye granted a substantial downward departure in a bank robbery case based in part on prior military service.

5. <u>Mental Health</u>

Mr. Cook suffers from a service-connected condition, post-traumatic stress disorder. Mr. Cook served in the 9th Infantry 2nd Battalion, and in the 101st 2nd and 3rd Battalion. His unit was exposed to 100-120 firefights. The Veterans Administration granted him entitlement of unemployability because he is unable to secure gainful employment as a result of his service-connected disabilities. The VA's rating decision of January 14, 2004 states that Mr. Cook's post-traumatic stress disorder is 70% disabling and his total or combined rating is 80%.

A VA examination dated July 22, 2003 reports

> *There is an escalation in your symptoms due to your mental status. The mental status examination reveals your affect is anxious with depression. You described nightmares that occur twice a week, daily intrusive thoughts about combat experiences, and vivid flashbacks of Vietnam combat experiences.*

In <u>U.S. v. Risse</u>, 83 F.3d 212 (8th Cir. 1996) the defendant pled guilty to use of a firearm in relation to drug trafficking crime and felon in possession. The court departed downward under §5K2.13 for diminished capacity based on defendant's post-traumatic stress disorder resulting from service in Vietnam War.

In <u>U.S. v. Greenwood</u>, 928 F.2d 645 (4th Cir. 1991), where the defendant was a felon who possessed a firearm, a departure to probation was granted because he had severe medical impairment caused by loss of both legs below his knee due to action in the Korean war and required treatment at Veterans Administration hospital.

In <u>U.S. v. Merryweather</u> 447 F.3d 625, 634 (9th Cir. 2006), a $500,000 embezzlement case, no abuse of discretion was found when the district court departed downward by 8 levels to probation under U.S.S.G. § 5K2.13 in part because of post traumatic stress syndrome.

6. Rehabilitation

A sentence that is greater than necessary will defeat any chance of Mr. Cook's continued rehabilitation. Rehabilitation is a goal of punishment. That goal "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of humankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment." U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (unpub.)

7. Family Support Serves Rehabilitation

Mr. Cook's strong family support assures the Court that he will succeed at rehabilitation. He is supported by his friend of twenty-six years, Ms. Patricia Dixon and her two children and seven grandchildren. Additionally, Ms. Joan Malone, Mr. Cook's godmother is "instrumental in [his] financial, spiritual and emotional stability."

In U.S. v. Wachowiak, 412 F.Supp.2d 958 (E.D. Wisc. 2006) *aff'd* 496 F.3d 744 (7th Cir. 2007), a below-guideline sentence of 70 months was imposed in part because "the guidelines failed to account for the strong family support defendant enjoyed, which would aid in his rehabilitation and re-integration into the community.

8. Support Groups

Mr. Cook also attends support groups at the Veteran Administration Hospital. He currently participates in a dual diagnosis (depression and substance abuse) support group twice a week, post-traumatic stress disorder counseling once a week, and individual

psychotherapy as needed. Incarceration would jeopardize Mr. Cook's continued treatment at the Veterans Administration Hospital.

9. <u>Good Behavior While on Release</u>

Mr. Cook continues to be compliant with all conditions of his release. Magistrate Judge Facciola released him on March 2, 2007 under the supervision of the D.C. Pretrial Services Agency with the condition that he report weekly by phone. Mr. Cook has not missed a call since his release on March 2, 2007 except for the week of November 18, 2007 when he forgot to report.

10. <u>Good Deeds</u>

For the past twenty-six years, Mr. Cook has helped his friend Ms. Dixon raise her two children and seven grandchildren and has provided financial and emotional support for the family.

Likewise, Mr. Cook assists and acts as handyman for Ms. Malone, his godmother, by taking care of yard work, plumbing, and electrical needs around the house.

In <u>U.S. v. Adelson</u> 441 F. Supp.2d 506 (SDNY 2006 ) where sentencing guidelines called for a life sentence, the court imposed a 42-month sentence in part because of the defendant's past integrity and many good deeds. "But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance."

In <u>U.S. v. Santoya</u>, 493 F.Supp.2d 1075 (E.D. Wisc. 2007), a cocaine distribution case where the defendant was a career offender and the guideline range was 188-235 months, the court imposed a 138 months. The court stated that the sentence should be

below the guideline range because the defendant "has significant positives in his character and background as evidenced by the letter from his family and fiancé, which the guidelines did not take into account, and because the judge is "permitted to consider the entirely of the defendant's background and character, not just the negatives reflected in his criminal history."

11. Compassion

Mr. Cook submits that the guideline range is too harsh to meet the sentencing goals of rehabilitation and punishment.

A goal of sentencing is rehabilitation. 18 U.S.C. § 3553(a)(2)(D). That goal cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is a necessary condition of human beings. A sentence should not take away all possibility of a useful life or be so severe that all hope is destroyed." U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (unpub.)

"Our sentences are too long, our sentences are too severe, our sentences are too harsh... [and because there are so few pardons] there is no compassion in the system. There's no mercy in the system." *Testimony of Justice Anthony Kennedy before the Senate Judiciary Committee on February 14, 2007*.

Conclusion

Defendant submits that the advisory guideline range is excessive and unreasonable. The defendant is entitled to a fair and reasonable sentence that is substantially lower than the guideline sentence. Mr. Cook requests that the Court consider the mitigating factors listed above and impose a sentence that reflects the extent of his cooperation, the recommendation of the U.S. Attorney's Office, his early guilty plea, his military service,

his mental health, his family support, the VA support, and his compliance while on release.

    Mr. Cook respectfully requests that the Court sentence him to a term of probation.

Respectfully submitted,

/s/

_____
Cynthia Katkish
Bar ID No. 418876
601 Pennsylvania Ave NW
Suite 900-S # 221
Washington, D.C. 20004
202-997-1386 fax 202-639-2000
ckatkish1@comcast.net