UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 07-48-3 (EGS) |
| v. : | |
| : | |
| CHRISTOPHER COOK, : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR DEPARTURE
AND RECOMMENDATION AS TO SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, to impose a sentence in the instant case that is less than the sentence provided for by the applicable advisory guideline range. In addition, the United States respectfully recommends that the Court sentence the defendant to "time served" and a three-year period of supervised release. In support of its motion and recommendation, the United States relies on the following points, and any such other points that it may cite at a hearing.

**Background**

On March 1, 2007, a grand jury returned a one-count indictment against William Poynter, James Franklin Smith, and the defendant, charging them with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). See Presentence Investigation Report ("PSR") ¶ 1. These charges stemmed from the defendant assisting his co-defendants in laundering over $100,000 in cash which they believed to be proceeds from drug trafficking. Id. ¶¶ 6-19 (outlining the defendant's criminal conduct). The worst of the defendant's criminal conduct was his conversion of $5,000 in cash into five $1,000 postal money orders on December 20, 2006. Id. ¶¶ 14-18. The

defendant, who was arrested on March 2, 2007, pleaded guilty to the indictment on April 27, 2007, and acknowledged his role in the conspiracy. Id. ¶¶ 3-4.

### Defendant's Substantial Assistance

This Office's Departure Guideline Committee approved the filing of the instant motion. The defendant's primary cooperation involved his credible explanation as to each conspirators' role in the money laundering scheme. The defendant met with the prosecutors on multiple occasions and was prepared to testify at Poynter's trial on behalf of the government. However, during the trial the government made a tactical decision not to call the defendant as a witness. The government's decision hinged on the strength of the evidence against Poynter (which it believed to be overwhelming) and, to a lesser degree, upon the defendant's struggles with mental health. As the Court is aware, the jury convicted Poynter.

### Sentencing Recommendation

The defendant, who is now 57 years of age, falls in criminal history category I.[1] The defendant's criminal conduct in the money laundering conspiracy was less egregious than that of his co-conspirators. In addition, although the defendant did not testify at Poynter's trial, he did agree to cooperate with the government at an early juncture and was in fact prepared to testify.

Moreover, the defendant served in the United States Army as an infantryman and saw action in the Vietnam War. Id. ¶ 44. As a result of his military service, the defendant (who has significant

---

[1] The defendant has three prior criminal convictions. He was convicted over thirty years ago for possessing narcotics (in 1973) and for larceny (1975). He was also convicted of misdemeanor assault in 2007, for conduct which occurred during the pendency of this case. Id. ¶¶ 4, 35. (The defendant was otherwise compliant with his release conditions in this case. Id. ¶ 4.) Because of that misdemeanor conviction, the government believes it would be prudent for the Court to sentence the defendant to the maximum period of supervised release under the Guidelines, three years.

health ailments) struggles with mental health issues. Id. ¶ 45, 49, 52-54. Given these mitigating factors, the United States recommends that the Court impose upon the defendant a sentence of time served and three years of supervised release (the defendant has agreed to pay restitution in the amount of $8,000).

WHEREFORE, for the foregoing reasons, the United States respectfully (i) moves this Court to exercise its discretion to depart downward and impose a sentence below that prescribed by the applicable advisory guideline range; and (ii) requests that the Court sentence the defendant to time served and a three-year period of supervised release.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

/s/
By: _____
Anthony Scarpelli
Assistant United States Attorney
DC Bar No. 474711
(202) 353-1679
anthony.scarpelli@usdoj.gov

Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
(202) 353-7557
gregory.marshall@usdoj.gov

555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530